IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1.,    MELISSA TREMBLE | ) | |
|             Plaintiff, | ) ) ) | |
| v. | ) | No. CIV-25-402-DES |
| 1.,    BRAUMS INC., d/b/a BRAUM'S ICE CREAM AND DAIRY STORES | ) ) ) ) | **AGE & GENDER DISCRIMINATION** |
|             Defendant. | ) ) | **JURY TRIAL DEMANDED** **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges that:

### PARTIES

1. The Plaintiff is Melissa Tremble, an adult female resident of Bryan County, Oklahoma.

2. The Defendant is Braum's Inc., d/b/a Braum's Ice Cream and Dairy Stores, a business entity doing business in Bryan County, Oklahoma, and across Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's action is one for gender and age discrimination in employment, which is prohibited by the ADEA, Title VII of the Civil Rights Act of 1964, as amended and discrimination under Oklahoma's Anti-Discrimination Act (OADA). Jurisdiction over the federal claim is vested in this Court under 29 U.S.C. § 626(c), 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claims arise out of the same core facts and jurisdiction over them is vested under 28 U.S.C. § 1367.

4. All of the claims arose in Bryan County, Oklahoma, and the Defendant is located in such county. Bryan County is within the Eastern District of the

United States District Court of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Plaintiff is a female over forty (40) years old who was employed by Defendant from on or about May 29, 2024, until her constructive discharge on or about January 19, 2025.

6. The Defendant is a business operating in Bryan County and elsewhere in the State of Oklahoma which at all times employed more than twenty (20) employees.

7. At the time of her constructive discharge, Plaintiff was the day time Assistant Manager for Defendant's Durant, Oklahoma store: store 129 ("Durant store").

8. Plaintiff at all relevant times qualified for her job

9. Plaintiff at all relevant times performed satisfactory work.

10. After Plaintiff's termination, her position continued to exist.

11. Plaintiff interviewed for a job at Defendant with Mike Kowalski, a man then aged 55. Mr. Kowalski was hostile and indifferent towards Plaintiff in the interview and refused to hire Plaintiff.

12. Approximately one month later, the Defendant's Area Manager, Lawrence Finney, called Plaintiff, asked her to interview again, and guaranteed her that the interview would go better than the prior interview. Plaintiff went through the second interview and was hired.

13. On my second day of employment, Mr. Kowalski instructed Plaintiff to drive from the Durant store to Denison, Texas, to pick up product for the store. There was heavy rainfall, but Mr. Kowalski did not advise that right outside of the Durant store parking lot, there was an area that did not drain, creating highwater which is not readily visible.

14. As a result of Mr. Kowalski's directive, Plaintiff's car flooded and was ruined. Plaintiff went back into the store, and Mr. Kowalski said, "I should have warned you about that." He then required Plaintiff to clock out for the rest of the day.

15. Afterwards, Mr. Kowalski continually yelled at, talked down to, and berated Plaintiff on a daily basis. Mr. Kowalski was so loud that co-workers and even customers could hear him berate Plaintiff.

16. Plaintiff observed Mr. Kowalski treating female employees worse than male employees.

17. While Plaintiff worked for the Defendant, five female managers/supervisors quit because of the gender hostile environment. A female hourly employee, Jessica, reported that Mr. Kowalski was abusive to her and other females. After that her hours were cut until she was forced to quit. One of the supervisors, Andrea, had damaged her MCL, i.e. her knee, and Mr. Kowalski put her in a job requiring her to stand and run continuously, while a male employee with a broken ankle was given a sitting job at the payroll for the drive through.

18. After Plaintiff had worked for a month, she texted Mr. Finney and Stormy Banner, the District Manager, to tell them she was going to quit and explained why. Both managers were able to talk Plaintiff out of quitting.

19. Both Mr. Finney and Ms. Banner admitted knowing that Mr. Kowalski had a problem, and the promised Plaintiff they would made Mr. Kowalski behave better. Ms. Banner told me that Mr. Kowalski would be good for a day or two, but he would revert to his abusive behavior. Ms. Banner was terminated a few months later, and Mr. Kowalski's behavior worsened.

20. Both Mr. Finney and Ms. Banner promised me that they would come to the

      Durant location to train me. Ms. Banner came in twice, which was not sufficient.

21. In the days before Plaintiff's constructive discharge, Mr. Kowalski said that the only thing Plaintiff was capable of was doing dishes and that was the job he required me to perform.

22. As a result, Plaintiff's co-workers taunted her for being the "highest paid dish washer in Durant."

23. Although Mr. Kowalski was very abusive to adult women, he would be overly friendly and inappropriate with very young (teenage), attractive women. There was even a customer who posted an online review saying that Kowalski was inappropriate with young women.

24. Because Plaintiff's working conditions became so hostile and abusive that they were intolerable, and because Defendant would not correct this situation, Plaintiff was constructively discharged and had no choice but to resign.

25. The reason for Plaintiff's adverse treatment was Plaintiff's age in violation of the ADEA and the OADA'S prohibition against age discrimination

26. The reason for Plaintiff's adverse treatment was Plaintiff's gender in violation of Title VII and the OADA's prohibition against gender discrimination.

23. As a direct result of Defendant's discriminatory actions against Plaintiff, Plaintiff has suffered lost wages and benefits, past, present, and future, and dignitary harms in the form of mental and emotional distress, for which she is entitled compensation.

24. Because the actions of the Defendant were willful and either malicious or in reckless disregard of Plaintiff's federally protected rights, Plaintiff is entitled to an award of liquidated and punitive damages

25. Plaintiff timely filed her charge of discrimination with the EEOC on or about

February 3, 2025. Plaintiff was issued a right to sue letter on or about August 21, 2025, which was received thereafter. This action was filed within ninety (90) days of the receipt of such letter.

## PRAYER

**WHEREFORE,** Plaintiff prays she be awarded her actual and punitive damages herein, together with costs, pre- and post judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 6th DAY OF NOVEMBER, 2025**.

Hammons, Hurst & Associates

s/ Mark Hammons
Mark Hammons, OBA #3784
Tammy Vo, OBA #36288
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Assistant@hammonslaw.com
Tammy@hammonslaw.com
*Counsel for Plaintiff*
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**